**SAVAGE et al. v. GOTHAM et al.**

No. 14656—Opinion Filed Oct. 9, 1923.

(Syllabus.)

1. **Counties—Creation of New Counties—Boundaries.**

Section 2, chap. 120, Session Laws of 1917, providing that in the creation of new counties the newly created line of the existing county shall not be nearer than 15 miles from the county seat of such existing county, is not in contravention of section 4, art. 17, Constitution of Oklahoma.

**2. Same—Violation of Statute—Refusal of Mandamus for Election.**

On August 9, 1923, the Governor issued a proclamation for holding an election for the purpose of determining whether or not certain territory now a part of Caddo and Canadian counties should be formed into a new county to be known as Walton county. The line of the newly created county would come within ten and one-half miles of Anadarko, county seat of Caddo county, and by reason thereof the county election board refused to hold the election. Upon a trial in the district court, judgment was rendered denying a writ of mandamus to compel the election officials to hold such election; held, that the creation of the proposed new county is in violation of section 2, chap. 120, Session Laws of 1917, and the writ of mandamus was properly denied.

Error from District Court, Caddo County; T. P. Clay, Judge.

Mandamus by J. W. Savage and the State on the relation of W. F. Gulick against Perry M. Gotham and others, members of Caddo County Election Board. Judgment for defendants, and plaintiffs bring error. Affirmed.

E. J. Giddings and Lydick & Wilson, for plaintiffs in error.

A. J. Morris, for defendants in error.

COCHRAN, J. This suit was commenced by filing in the district court of Caddo county a petition seeking to compel the defendants in error, as members of the county election board of Caddo county, to hold an election on October 16, 1923, in compliance with the proclamation by the Governor of the state of Oklahoma, dated August 9, 1923, said election being called for the purpose of determining whether or not certain territory in the counties of Caddo and Canadian should be formed into a new county to be known as Walton county. Judgment was rendered by the district court denying the peremptory writ of mandamus and appeal has been taken to this court.

It is conceded by all parties to this suit that the only question for determination is the constitutionality of section 2, chap. 120, Session Laws of Oklahoma, 1917, which, among other things, provides:

"That if the change or changes sought to be made are for the purpose of creating a new county it will not bring the newly created lines of such existing county or counties from which said territory is taken nearer than 15 miles to the county seat thereof."

It is admitted that the line of the proposed new county is within ten and one-half miles of the county seat of Caddo county,

and the creation of such county is in conflict with the above statutory provision.

It is contended by the plaintiffs in error that the above statute is in contravention of section 4, art. 17, of the Constitution of Oklahoma, which provides:

"Nor shall any territory be taken from an existing county for any purpose bringing the newly created lines of such existing county nearer than ten miles to the county seat thereof."

The first contention is that the fixing of a ten-mile limit between the line of the newly created county and the county seat of the old county by the Constitution is an implied inhibition against the increase of this limit by the Legislature. Section 33, art. 5, of the Constitution provides:

"The authority of the Legislature shall extend to all rightful subjects of legislation and any special grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever."

In Anderson v. Ritterbusch, 22 Okla. 761, 98 Pac. 1002, in passing on the above provision, this court said:

"It is held that this provision was incorporated into the Constitution to exclude the idea of the exclusion of power by implication."

We are, therefore, of the opinion that the specific grant of power for the creation of new counties with the limitation that the newly created line of the county shall not be nearer than ten miles of the county seat of the old county as contained in the Constitution is not to be considered an implied limitation on the authority of the Legislature to increase this limit.

It is next contended that section 4, art. 17, of the Constitution expressly prohibits the Legislature from authorizing changes which will bring the newly created lines of the old county nearer than ten miles of the county seat of the old county; that the last sentence of the section which provides:

"The limitation as to area, valuation, and population shall not be increased by the Legislature."

—means that the requirement or limitation of 400 square miles of taxable area required for the old county shall not be increased by the Legislature. In other words, it is beyond the power of the Legislature to pass a law requiring that in the creation of new counties there must be left in the old county more than 400 square miles. We cannot agree with this contention. Under this constitutional provision a new county shall not be created having a less area than 400

square miles, nor with a population less than 15,000 nor with taxable wealth less than two and one-half million, and the constitutional provision says that this limitation as to area, valuation, and population shall not be increased by the Legislature, so there is an express limitation against the Legislature requiring more than 400 square miles taxable area and a population of more than 15,000 and taxable wealth of more than two and one-half million for the newly created county. The constitutional provision further provides that the taxable area, population, or taxable wealth of the existing county shall not be reduced below that required for the new county: that is, as to area there shall not be transferred in any event territory from the old county to the new county an amount which would reduce the taxable area of the old county to less than 400 square miles, and the limitation on the power of the Legislature is that the Legislature shall not increase the amount of taxable area which may be transferred from the old county to the new county so that the taxable area of the old county will be reduced to less than the taxable area of the new county; but there is no limitation against the Legislature increasing, either directly or indirectly, the amount of taxable area which should be left in the old county.

This court arrived at this same conclusion in Gulick v. Linn, 90 Okla. 201, 216 Pac. 460, and said:

"Section 4, art. 17, Williams' Oklahoma Constitution, is in no wise violated by chapter 120 of the Session Laws of Oklahoma, 1917, supra, extending the constitutional boundary limit of old counties, in event of such change, from 10 to 15 miles from the county seat, but the act of the Legislature has its basis and sanction in the said constitutional provision."

For the reasons stated, the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.